# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 0395 | **DATE** | JUNE 30, 2000 |
| **CASE TITLE** | JOAN BENIUSHIS v. KENNETH F. APFEL, Commissioner, etc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's fifth motion to compel responses to discovery [42] is granted in part and denied in part. Within 30 days, defendant shall conduct a "hand" search of records for the time period March 18, 1991 through July 31, 1991 and provide plaintiff with a list of all promotions for which she was eligible and the personnel file for each employee identified as having been selected for the promotions. Status hearing set for August 16, 2000 at 11:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 03 2000 | |
| | Notified counsel by telephone. | | date docketed | 48 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/30/2000 | |
| WJS courtroom deputy's initials | | 00 JUN 30 PM 5:15 | date mailed notice mqm mailing initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOAN BENIUSHIS, )
 )
      Plaintiff, )
 )
v. ) No. 98 C 0395
 )
KENNETH F. APFEL, Commissioner, )
Social Security Administration, )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

DOCKETED
JUL 03 2000

    Plaintiff Joan Beniushis is a former employee of the Social Security Administration ("SSA"). She is a White female born in 1931. She claims that she was denied promotions because of her age, race, and sex. She also claims she was subjected to retaliation for complaining about discrimination. On defendant's motion for partial summary judgment, it was held that plaintiff could not obtain damages for any denial of a promotion or any hostility that occurred prior to March 18, 1991. Beniushis v. Appel [sic], 1998 WL 852300 *5 (N.D. Ill. Dec. 2, 1998). It was held that plaintiff had adequately exhausted claims of the denial of promotions that occurred as late as August 1991. Id. The complaint itself only alleges denials of promotions through sometime in July 1991. As to claims of retaliation, it was held that such claims need not be specifically exhausted as long as

they were based on retaliation for filing the April 18, 1991 administrative charge. Id. Additionally, it was noted that some specific allegations of retaliation had been raised during the administrative proceedings before the EEOC. Id.

Presently pending before the court is plaintiff's "fifth" motion to compel discovery responses. Plaintiff generally seeks information covering the time period from March 1991 until her retirement in July 1993.

First, plaintiff seeks a list of all promotions for which she was eligible during the stated time period. She also seeks the complete personnel file for every employee who received one of the promotions for which plaintiff was eligible. Defendant contends that any such information should be cut off as of either the date plaintiff filed her administrative complaint (April 18, 1991), when she was promoted to grade 5 on May 19, 1991, or when she was promoted to another position in July 1991 that had a career ladder to Grade 7. In ruling on defendant's motion for partial summary judgment, it was held that facts supported exhaustion of discriminatory denials of promotions that occurred as late as August 1991. The complaint, however, only claims denials of promotions through July 1991 and plaintiff does not attempt to show that she had an application on file that would have required continued consideration following the July 1991 promotion. July 1991 is an appropriate cutoff date for this case, which has already involved extensive discovery disclosures.

Defendant represents that he has provided a list of promotions that readily appears from the agency's databases, but indicates a "hand" search could reveal more. Defendant complains that such a search would require an overly burdensome amount of work if the covered time period is through July 1993. Since the time period is being limited to July 1991, presumably the task would not be as burdensome. To the extent defendant has not already done so, he shall conduct a "hand" search of records to determine if there were any additional promotions for which plaintiff was eligible between March 18, 1991 and July 31, 1991. As to all promotions during this time period for which plaintiff was eligible, and to the extent it can be determined who was actually selected for the promotion, defendant shall also provide the personnel file of the person selected.

This is not a pattern and practice case, defendant will not be required to provide additional discovery regarding other employees' complaints of discrimination nor will defendant be required to provide additional statistical information.

IT IS THEREFORE ORDERED that plaintiff's fifth motion to compel responses to discovery [42] is granted in part and denied in part. Within 30 days, defendant shall conduct a "hand" search of records for the time period March 18, 1991 through July 31, 1991 and provide plaintiff with a list of all promotions for which she was eligible and the personnel file for each employee

identified as having been selected for the promotions. Status hearing set for August 16, 2000 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: June 30, 2000